**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JARED SPEARS,** individually and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>vs.<br><br>**MID-AMERICA WAFFLES, INC. d/b/a WAFFLE HOUSE**<br>Service Instructions: Michael Caley<br>1032 S. 102ND STREET<br>EDWARDSVILLE, KS 66111<br><br>and<br><br>**DAVID HUFF**<br><br>**Defendants.** | **Case No** 11-CV-2273 CM/JPO |

## COMPLAINT

Plaintiff, Jared Spears, individually and on behalf of all others similarly situated to him, hereby sets forth his action for violation of the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et seq.* against Mid-America Waffles, Inc. and David Huff (unless otherwise specified, collectively referred to as "Waffle House") as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, and all employees similarly situated to him, allege that Waffle House unlawfully compensated them at a rate that is less than the Federal Minimum Wage.

2. This Court has original federal question jurisdiction, 28 U.S.C. § 1311, because this case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

1

3. The District of Kansas has personal jurisdiction because Defendant Mid-America Waffles, Inc. does business in this District.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the illegal acts complained of occurred within this district.

## FACTUAL STATEMENT

5. Plaintiff Jared Spears was employed as a server for Waffle House and was paid an hourly wage plus tips.

6. Spears worked at the Waffle House located at 1455 East Santa Fe Street, Olathe Kansas.

7. Spears was employed by Waffle House from approximately December 2009 until approximately July 2010.

8. The server position held by Spears was paid an hourly wage of approximately $2.13/hour plus tips.

9. Spears' tip earnings plus his hourly wage in total compensated him at a rate less than the federal minimum wage.

10. Waffle House would list inaccurate tip earnings on Spears' paycheck such that it falsely represented that Spears' total earnings was compliant with the Federal Minimum Wage.

11. Spears reported his concern that his actual tip earnings did not pay him the required minimum wage to District Manager David Huff.

12. When Spears confronted Huff regarding this issue, Huff responded with words to the effect of "Well, we'll see if you are on the schedule next week."

13. Spears' wage was further reduced by a mandatory meal credit that was deducted from his compensation whether he ate a meal or not.

14. Waffle House's policies and practice of compensating its employees at a rate that is less than minimum wage violates the FLSA.

## COUNT I – FLSA CLAIM

15. Plaintiff Spears hereby incorporates by reference paragraphs 1-14 of his Complaint as though they were fully set forth herein.

16. Plaintiff brings this Complaint as a collective action, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Waffle House within three years from the commencement of this action, and who were paid in the same unlawful manner as Plaintiff (the Putative Representative Action Plaintiff).

17. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Spears, the Representative Plaintiff, because the claims of Spears are similar to the claims of the Putative Plaintiffs of the representative action.

18. Spears and the Putative Representative Action Plaintiffs are similarly situated, and are subject to Waffle House's common practice, policy, or plan of not properly paying its employees minimum wage in violation of the FLSA.

19. The names and addresses of the Putative Plaintiffs of the representative action are available from Waffle House and to the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

20. Spears, and Putative Plaintiffs of the representative action, should have been paid their minimum wage for all hours worked.

21. Waffle House paid Spears, and Putative Plaintiffs of the representative action, less than the federally mandated minimum wage of $7.25/hr.

22. Waffle House owes Spears, and Putative Plaintiffs of the representative action, for the difference between the Federal Minimum Wage and the actual earnings received by Spears and Putative Plaintiffs of the representative action (hereinafter referred to as "Compensation Due").

23. Waffle House is liable for an amount equal to Spears' Compensation Due, and the Compensation Due to Putative Plaintiffs of the representative action, as liquidated damages because they knew, or should have known, that Spears and Putative Plaintiffs of the representative action were not being paid minimum wage.

24. Spears, and Putative Plaintiffs of the representative action, are entitled to a reasonable attorney fee for pursuing this action.

## PRAYER FOR RELIEF

WHEREFORE, Spears, on behalf of himself and all Putative Plaintiffs of the representative action, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed members of the representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. Designation of Plaintiff Jared Spears as the Representative Plaintiff of the Putative Plaintiffs of the representative action;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

d. An injunction against Waffle House and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Waffle House, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. An award of damages in excess of $75,000 due Spears, and Putative Plaintiffs of the representative action, including liquidated damages, and for reasonable attorney's and expert fees and prejudgment and postjudgment interest at the maximum rate allowed by law, and for such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Spears hereby demands a jury trial to be set in Kansas City, Kansas.

Respectfully Submitted,

**REAVEY LAW LLC**

By: ____/s/  Patrick G. Reavey_____.
   Patrick G. Reavey, KS# 17291
   Kevin Koc KS# 77943
   Livestock Exchange Building
   1600 Genessee, Suite 303
   Kansas City, Missouri 64102
   Phone: (816) 474-6300
   Fax: (816) 474-6302
   patrick@reaveylaw.com
   kkoc@reaveylaw.com
ATTORNEYS FOR PLAINTIFF