IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JARED SPEARS AND LEE ELROD,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**MID-AMERICA WAFFLES, INC.** d/b/a WAFFLE HOUSE, OZARK WAFFLES, LLC, WH CAPITAL, LLC, WAFFLE HOUSE, INC., DAVID HUFF, MICHAEL CALEY AND PEGGY CALEY,<br><br>Defendants. | Case No. 11-2273-CM |

**MEMORANDUM AND ORDER**

Plaintiffs Jared Spears and Lee Elrod bring this putative collective and class action against defendants, claiming that defendants regularly failed to pay them minimum wage because of inaccurate tip computations. Plaintiffs were servers at defendants' restaurants. They earned approximately $2.13 per hour plus tips. Defendants' compensation system, however, automatically took a "tip credit" from plaintiffs' paychecks in a set amount that resulted in their cash statements reflecting that plaintiffs had received minimum wage when, in fact, plaintiffs claim that their tip earnings were insufficient to bring them to minimum wage. In other words, according to plaintiffs, the tip credit regularly exceeded plaintiffs' actual tip earnings.

Plaintiffs claim that this practice violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Kansas Wage Payment Act ("KWPA"), Kan. Stat. Ann. § 44-313 *et seq.* In

plaintiffs' proposed second amended complaint, plaintiffs also claim that they spent significant amounts of time performing non-tip-producing activities, and that they should have been compensated at the applicable minimum wage rate for those activities. In addition, they contend that defendants improperly applied wage deductions for meal credits, drawer shortages, and broken dishes.

This matter is before the court on a number of intertwined motions, three of which the court will address within this Memorandum and Order: Defendants Mid-America Waffles, Inc.'s, David Huff's, Michael Caley's and Peggy Caley's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Doc. 18); Defendants Ozark Waffles, LLC, WH Capital, LLC and Waffle House, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint, or in the Alternative, Motion for More Definite Statement (Doc. 22); and plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc. 67). The court first takes up plaintiffs' motion to amend.

### I.   Plaintiffs' Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure governs the procedure for amending pleadings. Where, as here, responsive pleadings have been served, a party may amend only by leave of court, but the court freely grants such leave when justice so requires. Fed. R. Civ. P. 15(a). The decision is entrusted to this court's discretion. *Hall v. Witteman*, No. 07-4128-SAC, 2008 WL 2949567, at *4 (D. Kan. July 30, 2008) (citing *Stewart v. Bd. of Comm'rs for Shawnee Cnty., Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003)). Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or futility of amendment. *Id.* A court may deny a proposed amendment on the basis of futility if the "amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted." *Stewart*, 216 F.R.D. at 664 (citing *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *Schepp v. Fremont Cnty., Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990)).

Defendants argue that the court should deny plaintiffs' motion to amend because the proposed second amended complaint fails to state a claim for relief and amendment is therefore futile. When reviewing whether amendment is futile, the court uses the familiar standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiffs must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The allegations must be enough that, if assumed to be true, the plaintiff plausibly—not merely speculatively—has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The court assumes as true all well pleaded facts in plaintiffs' proposed second amended complaint and views them in a light most favorable to plaintiffs. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also* Fed. R. Civ. P. 8(a).

Before addressing the parties' disputes, the court notes two items upon which the parties agree: First, plaintiffs' proposed amendment properly removes WH Capital, LLC as a party to the lawsuit. Second, plaintiffs agree to drop their state law claims for quantum meruit, unjust enrichment, and breach of the covenant of good faith and fair dealing. The court will not further address these two aspects of plaintiffs' proposed second amended complaint, and trusts that any amended complaint filed pursuant to this Memorandum and Order will reflect these positions.

### A. Pleading of Federal Minimum Wage Violations

Defendants first ask the court to deny leave to amend because plaintiffs have not pleaded their FLSA claims with specificity. Defendants argue that plaintiffs should have identified: (1) the actual

tips they received; (2) the actual hours worked; and (3) the actual workweeks in which plaintiffs were not paid minimum wage. In support, defendants cite *Jones v. Casey's General Stores*, 538 F. Supp. 2d 1094, 1103 (S.D. Iowa 2008).

With all due respect to the *Jones* court, this court does not believe that *Twombly* requires the specificity that defendants desire. To require such detail would elevate the pleading burden of an FLSA plaintiff above the pleading burden of other plaintiffs. *See McDonald v. Kellogg Co.*, No. 08-2473-JWL, 2009 WL 1125830, at *1 (D. Kan. Apr. 27, 2009). "[T]he requirements to state a claim of a FLSA violation are quite straightforward"; they require the plaintiff to show "a failure to pay overtime compensation and/or minimum wages to covered employees"—no more. *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). Rule 8 requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In reaching this decision, the court has reviewed *Wass v. NPS International, Inc.*, 688 F. Supp. 2d 1282, 1289 (D. Kan. 2010). Defendants contend that *Wass* also supports dismissal of plaintiffs' claims for failure to provide more factual details about their tips, hours, and claimed minimum wage deficiencies. *Wass* involved FLSA claims brought by pizza delivery drivers. 688 F. Supp. 2d at 1282. The drivers alleged that (1) they were paid "approximately the applicable federal or state minimum wage"; (2) they received a set amount per delivery for automobile expenses; and (3) the automobile expense reimbursement was insufficient to cover their actual expenses. *Id.* at 1288. Judge Lungstrum determined that the drivers needed to plead more specific facts because the case did not involve a straightforward FLSA claim; instead, they alleged facts that suggested they may have been paid the minimum wage (or higher, in an instance where the state minimum wage exceeded the federal minimum).

The court finds *Wass* distinguishable from the instant case. Instead, the court elects to follow *McDonald*—also a case authored by Judge Lungstrum—and a long line of other cases declining to require factually detailed pleading in FLSA cases. *See, e.g., Labbe*, 319 F. App'x 761; *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342 (4th Cir. 2005); *Solis v. La Familia Corp.*, No. 10-2400-EFM, 2011 WL 2531140 (D. Kan. June 24, 2011); *Nicholson v. UTi Worldwide, Inc.*, No. 09-772-JPG, 2010 WL 551551 (S.D. Ill. Feb. 12, 2010).

The FLSA claims in the proposed second amended complaint are facially plausible, and the court denies defendants' motion on this basis.

### B. Individual Defendants' Status as "Employers" under the FLSA

Defendants next contend that plaintiffs' proposed second amended complaint is deficient because it fails to adequately allege that defendants Michael Caley, Peggy Caley, and David Huff are "employers" within the meaning of the FLSA. An "employer" under the FLSA includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This court has refined the statutory definition to include individuals who have "operational control of significant aspects of the corporation's day to day functions." *Garcia v. Palomino, Inc.*, 738 F. Supp. 2d 1171, 1176 (D. Kan. 2010) (citations and internal quotation marks omitted). In evaluating whether an individual constitutes an employer under the FLSA, courts have considered a number of factors:

> the individual's ownership interest in the corporation, the degree of control that the individual exhibits over the corporation's financial affairs, the individual's involvement in employee compensation decisions, the individual's control over employee work schedules or conditions of employment, and the individual's ability to affect an employee's employment relationship with the corporation.

*Id.* (citations omitted).

Plaintiffs allege facts suggesting that these defendants maintained day-to-day operational control over Mid-America Waffles. Defendants respond that this allegation is contradicted by plaintiffs' other allegations that Waffle House, Inc. "administers the payroll processes and systems for . . . [locations] owned and operated by Mid-America Waffles, [Inc.]" and "sets forth the policies and procedures which employees and managers are expected to follow with respect to issuing and receiving compensation." (Doc. 69 at 3.) But at this stage of the proceedings, the court determines that plaintiffs' allegations are sufficient to state a claim against the individual defendants. Later, the court will need more information about their role in the companies to fully evaluate the factors identified above, but such detail is not required at this time.

### C. Successor Liability for Ozark Waffles, LLC and Waffle House, Inc.

Defendants next contend that plaintiffs have not pleaded a plausible claim for successor liability against defendants Ozark Waffles, LLC and Waffle House, Inc. In evaluating successor liability, the court considers the following factors: "(1) whether the successor company had notice of their predecessor's legal obligation; (2) the ability of the predecessor to provide relief; and (3) whether there has been a substantial continuity in operations, work force, location, management, working conditions and methods of production." *Chao v. Concrete Mgmt. Res. L.L.C., et al.*, No. 08-2501-JWL, 2009 WL 564381, at *2 (D. Kan. Mar. 5, 2009) (citation omitted). Plaintiffs submit evidence with their proposed amended complaint suggesting that defendants Ozark Waffles, LLC and Waffle House, Inc. had notice of the pending claims. And with regard to the parties' relationship, plaintiffs allege:

> 35. Ozark Waffles, LLC is a successor in interest in that substantial continuity of business operations exist between Defendants Mid-America Waffles, Inc. and Ozark Waffles, LLC in terms of the line of work, the employees, the locations, the management in place and the name in that the same operations continue under the Waffle House name.

> 36. Prior to the sale, a representative from Waffle House, Inc. and/or Ozark Waffles, Inc. frequently and regularly visited the facilities operated by Mid-America Waffles, Inc. to review the manner and method in which restaurant employees were performing duties.

(Doc. 69 at 7.)  Although these allegations could have been more detailed, the court concludes that they support a plausible claim for successor liability against Ozark Waffles, LLC and Waffle House, Inc.  In any event, plaintiffs have alternatively alleged that defendants are liable as joint employers and have alleged much more specific facts in support of this position.

### D.  Claims Under the KWPA

Next, defendants argue that plaintiffs cannot proceed with a claim under the KWPA because any claim for failing to pay minimum wages in Kansas falls under the Kansas Minimum Wage Maximum Hour Law ("KMWMHL")—not the KWPA.  *See Garcia v. Tyson Foods, Inc.*, 766 F. Supp. 2d 1167, 1187 (D. Kan. 2011).  And plaintiffs cannot state a claim under the KMWMHL because it is not applicable to employers and employees covered by the FLSA.  *Id.* at 1187 n.15 (citing Kan. Stat. Ann. § 44-1202(d)); *Brown v. Food Storage & Moving Co.*, 224 P.3d 593, 596 (Kan. Ct. App. 2010) (citing Kan. Stat. Ann. § 44-1204(c)(1)).

Plaintiffs contend that *Garcia* actually stands for the proposition that their KWPA claim is viable because *Garcia* held that if the defendant was required under the FLSA to compensate employees for certain activities or time periods, then the employees could recover those amounts under the KWPA.  766 F. Supp. 2d at 1187.

With respect to plaintiffs' minimum wage claims, plaintiffs' reading of *Garcia* is flawed.  *Garcia* did not involve allegations of minimum wage violations.  Instead, the plaintiffs in *Garcia* alleged that they had not been paid for time that they spent donning, doffing, and walking.  *Id.*  The claims that Judge Lungstrum allowed to proceed under the KWPA were for activities that the plaintiffs allegedly should have been paid for—not for insufficient hourly wages.  Judge Lungstrum specifically

-7-

excluded the *Garcia* plaintiffs' claims for unpaid overtime from those he allowed to proceed under the KWPA. *Id.* at 1187 n.15. Those claims, he ruled, were covered by the KMWMHL, not the KWPA. *Id.*

*Garcia* does not mandate that this court allow plaintiffs' minimum wage claims under the KWPA to proceed. The court determines that they are futile and should not be included in an amended complaint. To this extent, plaintiffs' motion to amend is denied.

Plaintiffs' proposed second amended complaint also contains another KWPA claim: Count IV seeks recovery for improper deductions from plaintiffs' paychecks for meal credits, drawer shortages, and broken dishes. The court is uncertain about the viability of this particular claim. The parties have not addressed it in their briefing, and the court will therefore allow it to proceed at this time. It may, however, be subject to dismissal upon further motion.

### E.  Futility of Claims Because of Arbitration Agreements and Class Definitions

Finally, defendants Ozark Waffles, LLC and Waffle House, Inc. argue that the claims against them are futile because they entered arbitration agreements with all employees and because plaintiffs have offered class definitions for the proposed FLSA and state law classes that are overly broad and unworkable. Both of these arguments may ultimately have merit. But the court has yet to rule on defendants' motion to compel arbitration, and plaintiffs have not yet filed a motion for class or collective action certification. Defendants may address the viability of claims subject to arbitration agreements, if necessary, after the court rules on the pending motion to compel arbitration (and the related motion to stay briefing on that motion). And defendants may raise their arguments about the appropriateness of class definitions in response to motions for certification. The court will not deny leave to amend the complaint, however, on these bases.

### II.  **Defendants' Motions to Dismiss**

Because the court grants in part plaintiffs leave to amend their complaint, defendants' motions to dismiss—which relate to plaintiffs' first amended complaint—are denied as moot.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 67) is granted in part and denied in part.  Plaintiffs shall file their second amended complaint within 7 days of the date of this Memorandum and Order, revising it in accordance with the court's direction.

**IT IS FURTHER ORDERED** that Defendants Mid-America Waffles, Inc.'s, David Huff's, Michael Caley's and Peggy Caley's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Doc. 18) is denied as moot.

**IT IS FURTHER ORDERED** that Defendants Ozark Waffles, LLC, WH Capital, LLC and Waffle House, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint, or in the Alternative, Motion for More Definite Statement (Doc. 22) is denied at moot.

Dated this 16th day of December, 2011, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**