IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JARED SPEARS AND LEE ELROD, )
individually and on behalf of all others )
similarly situated, )
)
)
                Plaintiffs, )
)
v. )
)   Case No. 11-2273-CM
)
MID-AMERICA WAFFLES, INC. )
d/b/a WAFFLE HOUSE, OZARK )
WAFFLES, LLC, WH CAPITAL, LLC, )
WAFFLE HOUSE, INC., DAVID HUFF, )
MICHAEL CALEY AND PEGGY CALEY, )
)
                Defendants. )
)

**MEMORANDUM AND ORDER**

Plaintiffs Jared Spears and Lee Elrod bring this putative collective and class action against defendants, claiming that defendants regularly failed to pay them minimum wage because of inaccurate tip computations. Plaintiffs were servers at defendants' restaurants. They earned approximately $2.13 per hour plus tips. Defendants' compensation system, however, automatically took a "tip credit" from plaintiffs' paychecks in a set amount that resulted in their cash statements reflecting that plaintiffs had received minimum wage when, in fact, plaintiffs claim that their tip earnings were insufficient to bring them to minimum wage. In other words, according to plaintiffs, the tip credit regularly exceeded plaintiffs' actual tip earnings.

Plaintiffs claim that this practice violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Kansas Wage Payment Act ("KWPA"), Kan. Stat. Ann. § 44-313 *et seq.* Plaintiffs

also claim that they spent significant amounts of time performing non-tip-producing activities, and that they should have been compensated at the applicable minimum wage rate for those activities. In addition, they contend that defendants improperly applied wage deductions for meal credits, drawer shortages, and broken dishes.

This matter is before the court on Defendants Ozark Waffles, LLC, WH Capital, LLC and Waffle House, Inc's Motion to Stay Proceedings and Compel Arbitration (Doc. 48). Instead of substantively responding to defendants' motion, plaintiffs filed Plaintiffs' Motion to Stay Ruling and Further Briefing on Defendants' Motion to Compel Arbitration and Stay and Proceedings (Doc. 55). Plaintiffs' motion is now ripe for ruling. The motion relates to only two plaintiffs: Evelyn Brown and Michelle Robinson. The court will take up plaintiffs' motion first.

## Plaintiffs' Motion to Stay Ruling and Further Briefing on Defendants' Motion to Compel Arbitration and Stay and Proceedings

Plaintiffs request that the court stay ruling on defendants' motion to compel arbitration, to allow plaintiffs time to conduct discovery on whether the arbitration agreements are enforceable. In support plaintiffs offer two arguments: (1) plaintiffs have formation concerns that can only be explored through discovery; and (2) plaintiffs need to develop a factual record about whether the arbitration agreements effectively eliminate their ability to vindicate a federally-guaranteed right.

Plaintiffs' allegations of "formation concerns" are vague and virtually non-existent. Plaintiffs give the court no basis on which it could make a finding that specific, limited discovery is necessary. In cases where this court has found discovery warranted, the contracting party has made specific allegations raising questions of enforceability. Here, plaintiffs have not. The court will not order discovery without a foundational basis justifying it.

With respect to plaintiffs' second argument, again, plaintiffs have offered no foundational basis for their request.  They also seek discovery that far exceeds the scope of discovery that might be helpful to their argument.  For example, plaintiffs seek

> (6) the identification of all wage claims and the disposition of such wage claims in the last eight years;
> (7) production of any briefing filed by Defendants (either in Court or with an arbitrator);
> (8) the extent to which individuals asserting wage claims could obtain legal counsel regarding the same;
> (9) Defendants' conduct and response to such wage claims; and
> [(10)] depositions of those familiar with any of the above stated issues.

(Doc. 55-1 at 2.)  To allow discovery on this broad range of issues without specific and justifiable reasons would effectively eliminate many of the cost- and time-saving benefits of arbitration.  The court understands plaintiffs' position that they cannot know what to ask for without having information controlled by defendants.  But the unsupported hope that something will turn up that renders the arbitration agreement unenforceable does not justify a fishing expedition.  In plaintiffs' supplemental brief, they even suggest that discovery may ultimately be unnecessary: "[T]he Court may even determine the class waiver is inapplicable **on its face** without recourse to the factual record Plaintiffs are seeking."  (Doc. 110 at 2 (emphasis in original).)

For these reasons, the court denies plaintiffs' request to stay ruling on the motion to compel arbitration.  The court will not permit discovery on the enforceability of the arbitration agreement.

### Defendants Ozark Waffles, LLC, WH Capital, LLC and Waffle House, Inc's Motion to Stay Proceedings and Compel Arbitration

Many of the arguments that the parties raise in the briefing on plaintiffs' motion to stay relate to the merits of the underlying motion to compel arbitration.  The court believes that it is in a position that it could issue a ruling on the motion to compel arbitration without seeking further briefing.  But because plaintiffs filed their motion to stay, the parties never formally completed briefing on

defendants' motion to compel arbitration.  To be fair to the parties, therefore, the court will give the parties a limited amount of time to complete briefing on the motion to compel arbitration.  Plaintiffs have seven days to file a response to Defendants Ozark Waffles, LLC, WH Capital, LLC and Waffle House, Inc's Motion to Stay Proceedings and Compel Arbitration.  Defendants may reply within four days of the date plaintiffs file a response.  No extensions of time will be granted.  If either side cannot or fails to file a brief on or before its deadline, the court will consider the position of that party as previously set forth in the briefing on the motion to stay briefing and ruling.  In that event, the court will rule on the motion to compel arbitration without further notice.

The court realizes that this schedule is expedited and that under other circumstances, it might be difficult for the parties to meet.  But the court also believes that the parties have already substantively set forth their positions to such a degree that substantial reworking is likely unnecessary.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Stay Ruling and Further Briefing on Defendants' Motion to Compel Arbitration and Stay and Proceedings (Doc. 55) is denied.

**IT IS FURTHER ORDERED** that plaintiffs have seven days to file a response to Defendants Ozark Waffles, LLC, WH Capital, LLC and Waffle House, Inc's Motion to Stay Proceedings and Compel Arbitration (Doc. 48).  Defendants may reply within four days of the date plaintiffs file a response.  No extensions of time will be granted.  If either side cannot or fails to file a brief on or before its deadline, the court will consider the position of that party as previously set forth in the briefing on the motion to stay briefing and ruling (Doc. 55).  In that event, the court will rule on the motion to compel arbitration without further notice.

Dated this 10th day of April, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**