IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JARED SPEARS AND LEE ELROD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MID-AMERICA WAFFLES, INC. d/b/a WAFFLE HOUSE, OZARK WAFFLES, LLC, WH CAPITAL, LLC, WAFFLE HOUSE, INC., DAVID HUFF, MICHAEL CALEY AND PEGGY CALEY,<br><br>Defendants. | Case No. 11-2273-CM |

### MEMORANDUM AND ORDER

Plaintiffs Jared Spears and Lee Elrod, former servers at defendants' restaurants, bring this putative collective and class action against defendants, claiming that defendants regularly failed to pay them minimum wage because of inaccurate tip computations. Plaintiffs also claim that they spent significant amounts of time performing non-tip-producing activities, and that they should have been compensated at the applicable minimum wage rate for those activities. In addition, they contend that defendants improperly applied wage deductions for meal credits, drawer shortages, and broken dishes. Plaintiffs claim that defendants' practice violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Kansas Wage Payment Act ("KWPA"), Kan. Stat. Ann. § 44-313 *et seq.*

In October 2011, plaintiffs sought leave to file a second amended complaint. The court granted the motion in part and denied it in part. The matter is now before the court on Plaintiffs' Motion for

-1-

Reconsideration (Doc. 85) regarding the court's denial of leave to amend to add a claim for minimum wages under the KWPA.  Defendants initially failed to respond to plaintiffs' motion.  Around the time a response was due, however, the case was in flux; one of the defendants was filing for bankruptcy protection, and the parties began briefing whether to stay the proceedings.  The court denied the motions to stay the proceedings on March 8, 2012, and ordered defendants to show cause why the motion to reconsider should not be granted as unopposed on March 30, 2012.  Defendants timely responded to the court's order.  Upon review of their responses, the court determines that they have shown cause why the motion should not be granted as unopposed.  The court now takes up the motion on its merits.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1997); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).  In exercising that discretion, courts generally recognize three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order); *see also Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination.").  "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Sithon*, 177 F.R.D. at 505.  And a motion to reconsider is not a proper place to reargue arguments that the court previously rejected. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiffs contend that relief is warranted to correct clear error.  Plaintiffs claim that the court incorrectly relied on a footnote in *Garcia v. Tyson Foods, Inc.*, 776 F. Supp. 2d 1167 (D. Kan. 2011), when it held that plaintiffs could not pursue minimum wage claims under the KWPA.  In support of their position, plaintiffs now argue that the court's ruling contravenes the plain statutory language of the KWPA.

When defendants first argued that plaintiffs could not pursue KWPA claims for minimum wage violations, plaintiffs responded to the argument in just under one page of text.  (*See* Doc. 81 at 10.)  Plaintiffs only argued that *Garcia* authorized their claims.  The court rejected plaintiffs' position, and plaintiffs now raise a plain language/statutory construction argument.  In doing so, plaintiffs attempt to use a motion to reconsider as a second opportunity to present a winning argument.  As noted in the paragraph above, a party should not wait to raise its strongest argument until a motion to reconsider.  *Sithon*, 177 F.R.D. at 505.  Plaintiffs' arguments would have been properly raised in reply to their motion to amend, but are untimely now.  Plaintiffs have not shown that the court committed clear error in its ruling on their motion to amend.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. 85) is denied.

Dated this 14th day of May, 2012, at Kansas City, Kansas.

                                         s/ Carlos Murguia
                                         **CARLOS MURGUIA**
                                         **United States District Judge**