IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JARED SPEARS AND LEE ELROD,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**MID-AMERICA WAFFLES, INC.** d/b/a WAFFLE HOUSE; OZARK WAFFLES, LLC; WH CAPITAL, LLC; WAFFLE HOUSE, INC.; DAVID HUFF; MICHAEL CALEY; AND PEGGY CALEY,<br><br>Defendants. | Case No. 11-2273-CM |

## MEMORANDUM AND ORDER

This matter is before the court on Defendants Ozark Waffles, LLC, WH Capital, LLC and Waffle House, Inc's Motion to Stay Proceedings and Compel Arbitration (Doc. 48). The court has reviewed the briefs at length, as well as the arbitration agreements. Plaintiffs make two general arguments why the court should not send their claims to arbitration: (1) the agreements are ambiguous and (2) they are unenforceable. Neither party, however, references the following provision in the arbitration agreements:

> The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive[1] authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement, including but not limited to any claim that all or any part of this Agreement is void or voidable.

This provision nearly mirrors the delegation provision in *Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, 2777 (2010). In *Rent-A-Center*, the Supreme Court considered a clause that stated, "The Arbitrator . . . shall have exclusive authority to resolve any dispute relating to the .

---
[1] Michelle Robinson's agreement does not include the word "exclusive."

. . . enforceability . . . of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable." 130 S. Ct. at 2777.  Like the plaintiffs in the instant case, the *Rent-A-Center* plaintiff did not specifically challenge the validity of the delegation provision itself.  The Supreme Court held that because the plaintiff did not challenge the delegation provision specifically, the Court must treat it as valid and let the arbitrator decide any challenge to the validity of the agreement as a whole.  *Id.* at 2779.

The court believes that *Rent-A-Center* is controlling and that the court should stay these claims pending arbitration—at a minimum, arbitration over whether the agreements apply to plaintiffs' claims and are enforceable.  Nevertheless, because the parties have not addressed the issue, the court believes that it would be fair to give them the opportunity to do so.

The court therefore orders the parties to submit <u>limited</u> briefing on the issue of who should decide whether the arbitration agreements are ambiguous and enforceable.  Specifically, the parties are ordered to each file a supplemental brief addressing the delegation clause in the agreements—not to exceed three pages and not to incorporate by reference any other briefs in this case—on or before June 8, 2012.  No responses or replies are allowed.

**IT IS THERFORE ORDERED** that the parties must each file a supplemental brief addressing the delegation clause in the agreements—not to exceed three pages and not to incorporate by reference any other briefs in this case—on or before June 8, 2012.  No responses or replies are allowed.

Dated this <u>1st day of June</u>, 2012, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**
