IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JARED SPEARS AND LEE ELROD,** ) | |
| **individually and on behalf of all others** ) | |
| **similarly situated,** ) | |
| ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 11-2273-CM** |
| ) | |
| **MID-AMERICA WAFFLES, INC.** ) | |
| **d/b/a WAFFLE HOUSE; OZARK** ) | |
| **WAFFLES, LLC; WH CAPITAL, LLC;** ) | |
| **WAFFLE HOUSE, INC.; DAVID HUFF;** ) | |
| **MICHAEL CALEY; AND PEGGY CALEY,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Defendants Ozark Waffles, LLC, WH Capital, LLC and

Waffle House, Inc's Motion to Stay Proceedings and Compel Arbitration (Doc. 48).  Plaintiffs Evelyn

Brown and Michelle Robinson make two general arguments why the court should not send their claims

to arbitration:  (1) the agreements are ambiguous and (2) they are unenforceable.  After reviewing the

briefs, the law, and the arbitration agreements, the court ordered further briefing on whether the

delegation provision in the arbitration agreements required the parties to arbitrate the issue of whether

the agreements are void or voidable.  The parties submitted briefs on the issue, and the court is now

prepared to address the application of *Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, 2777

(2010), to this case.

As noted in the court's previous order, in *Rent-A-Center*, the Supreme Court considered a

delegation clause that stated, "The Arbitrator . . . shall have exclusive authority to resolve any dispute

relating to the . . . enforceability . . . of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable." 130 S. Ct. at 2777. The *Rent-A-Center* plaintiff did not specifically challenge the validity of the delegation provision itself. The Supreme Court held that because the plaintiff did not challenge the delegation provision specifically, the Court must treat it as valid and let the arbitrator decide any challenge to the validity of the agreement as a whole. *Id.* at 2779.

In the instant case, the arbitration agreements contain nearly identical provisions. Plaintiffs contend that *Rent-A-Center* does not control, however, for four reasons: (1) plaintiffs challenge the agreement's ban on aggregation of claims—not the arbitration agreement as a whole; (2) the aggregated claim ban is unconscionable under Georgia law; (3) the agreement precludes the filing of joint claims, which prevents plaintiffs from jointly pursuing their "class action challenge," even though the delegation clause does not show a clear and unmistakable intent to delegate; and (4) defendants waived their right to argue that this issue is one for the arbitrator. The court briefly addresses each of these arguments.

## Scope of Plaintiffs' Challenge

First, plaintiffs' attempt to distinguish their argument from the argument made in *Rent-A-Center* is strained. Despite plaintiffs' effort to recharacterize their challenge, it is a close call whether plaintiffs overtly challenge the validity of the delegation provision. They claim that because the arbitration agreement takes away their right to pursue aggregated claims, it is unconscionable. But they do not simply claim that requiring an arbitrator to evaluate the merits of their argument is unconscionable (which would be a direct challenge to the delegation clause); instead, they argue that the arbitrator should be allowed to evaluate their claims jointly.

*Rent-A-Center* requires plaintiffs to challenge the delegation clause itself.  Here, plaintiffs challenge the application of the delegation clause in conjunction with the prohibition on class claims. This is a fine line, but the court determines that plaintiffs' challenge can be read as an indirect challenge to the delegation clause.  The court therefore considers the question of whether the delegation of claims to the arbitrator without allowing them to proceed jointly is unconscionable.

### Unconscionability

Second, plaintiffs claim that under Georgia law, the delegation clauses are unconscionable because there is no award for a successful challenge.[1]  The court finds the case cited by plaintiffs— *Jones v. DirecTV, Inc.*, 667 F. Supp. 2d 1379, 1382 (N.D. Ga. 2009)—distinguishable.[2]  In *Jones*, the court found a ban on class actions unconscionable when recovery was limited and the agreement did not provide for attorney's fees or costs.  Here, the arbitration agreements allow for the same remedies available in court.  And the potential exposure to plaintiffs is small: potentially, they need only individually present the question of arbitrability to the arbitrator.  If plaintiffs are correct, and their claims are not individually arbitrable, then they may be able to return to federal court and pursue class claims.

Nor is the court persuaded by all of plaintiffs' other policy arguments that waiver of class claims is unconscionable.  The court presumes that plaintiffs intend for all of the arguments they make throughout their papers based on *D.R. Horton, Inc.*, 357 N.L.R.B. No. 184 (Jan. 3, 2012), and its progeny, to apply to their challenge to the delegation provision.

The court has reviewed *D.R. Horton* and the many cases decided since it was issued.  The court also bears in mind the 2011 Supreme Court decision *AT&T Mobility LLC v. Concepcion*, 131 S. Ct.

---

[1] Only Michelle Robinson's agreement states that Georgia law applies.  The parties have previously agreed that Mississippi law applies to Evelyn Brown's agreement.

[2] In addition, *Jones* was decided prior to *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), potentially calling into question its continuing validity.

1740 (2011).  Plaintiffs argue that *Concepcion* has no precedential value in this context because it held

that the FAA preempted <u>state law</u>, not federal law.  The court, however, disagrees.  Although

*Concepcion* may not speak directly to the issue before the court, it does illustrate a guiding principle:

arbitration agreements are enforceable even when they prohibit the use of a class action.  And it stands

"against any argument that an absolute right to collective action is consistent with the Federal

Arbitration Act's ("FAA's") 'overarching purpose' of 'ensur[ing] the enforcement of arbitration

agreements according to their terms so as to facilitate streamlined proceedings.'"  *LaVoice v. UBS Fin.*

*Servs., Inc.*, No. 11 Civ. 230, 2012 WL 124590, at \*6 (S.D.N.Y. Jan. 13, 2012) (quoting *Concepcion*,

131 S. Ct. at 1748).

Based on this rationale, the court determines that the delegation provision (requiring individual

claims) is not unconscionable.  Plaintiffs agreed to submit questions of interpretation and

enforceability to the arbitrator, and that agreement is enforceable.

### Ambiguity

Third, the arbitration agreements evidence a clear and unmistakable intent to delegate.  Their

language is unambiguous:  "The Arbitrator, and not any federal, state, or local court or agency, shall

have authority[3] to resolve any dispute relating to the interpretation, applicability, enforceability or

formation of this Agreement, including but not limited to any claim that all or any part of this

Agreement is void or voidable."  Plaintiffs' statement to the contrary does not merit further discussion.

### Waiver

Fourth, defendants did not waive their right to claim that this issue was one for the arbitrator.

The court considers several factors in evaluating waiver:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether
> "the litigation machinery has been substantially invoked" and the parties "were well

---

[3] Evelyn Brown's agreement states that the authority is exclusive.

into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) "whether important intervening steps [*e.g.*, taking advantage of judicial discovery procedures not available in arbitration] had taken place"; and (6) whether the delay "affected, misled, or prejudiced" the opposing party.

*Peterson v. Shearson/Am. Express, Inc.*, 849 F.2d 464, 467–68 (10th Cir. 1988) (citation omitted).

Here, the issue is not whether defendants failed to seek arbitration at all; defendants sought arbitration of plaintiffs' claims early in the case. They merely did not request that the arbitrator decide the issue of whether the arbitration agreement was void or voidable until the court raised the issue with the parties.

Defendants' other actions in the case are consistent with the right to arbitrate. Plaintiffs filed the case on May 16, 2011. Evelyn Brown and Michelle Robinson consented to join the case on August 16, 2011. Defendants moved to compel arbitration on September 8, 2011—just over three weeks after plaintiffs Brown and Robinson joined the case. Although nearly nine months have passed since defendants initially filed their motion, the case has not progressed significantly. Plaintiffs asked for a stay of briefing on the arbitration issue, and many of the disputes the court has addressed have been related in one way or another to the arbitrability question. The "litigation machinery" has not been "substantially invoked" in this case, and any delay has not prejudiced plaintiffs. Although the original motion to compel arbitration has been pending for some time, plaintiffs only filed a response to the motion on April 17, 2012. Defendants replied on April 23, 2012. The parties have expended time and resources briefing the issue of arbitrability in this court, but they will not be substantially prejudiced by presenting the issues again to an arbitrator. The court concludes that defendants did not waive the right to contend that the arbitrator should decide whether the agreement is void or voidable.

In sum, the court determines that the delegation provision is unambiguous and enforceable. And defendants did not waive their right to ask that the clause be invoked.  The claims of plaintiffs Evelyn Brown and Michelle Robinson that they should not be forced to arbitrate must be arbitrated per their agreements.

Defendants now ask that the court dismiss the claims instead of staying the case with respect to Evelyn Brown and Michelle Robinson.  The court, however, finds that a stay is more appropriate. While section 3 of the FAA requires the court to stay litigation when claims are properly referable to arbitration, it does not provide for dismissal of the case. The FAA does not deprive the court of jurisdiction over claims subject to arbitration.  *The Anaconda v. Am. Sugar Refining Co.*, 322 U.S. 42, 44 (1944).  The court will therefore impose a stay as to the claims of Evelyn Brown and Michelle Robinson in this case.  *See Meyer v. Dans un Jardin, S.A.*, 816 F.2d 533, 538–39 (10th Cir. 1987).

**IT IS THERFORE ORDERED** that Defendants Ozark Waffles, LLC, WH Capital, LLC and Waffle House, Inc's Motion to Stay Proceedings and Compel Arbitration (Doc. 48) is granted.  The case is stayed as to plaintiffs Evelyn Brown and Michelle Robinson.

Dated this 2nd day of July, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
